IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATIONAL FIRE & MARINE INSURANCE CO., <br><br> *Plaintiff,* <br><br> v. <br><br> NEWTOWN SQUARE, LLC, <br><br> *Defendant,* | CIVIL ACTION <br> NO. 21-5397 |
| NEWTOWN SQUARE, LLC, <br><br> *Third Party Plaintiff,* <br><br> v. <br><br> BTC INSURANCE SERVICES, LLC, KISH NORTH, and WORLDWIDE FACILITIES, LLC, <br><br> *Third Party Defendants.* | |

**PAPPERT, J.**                                                                                                          **December 19, 2022**

**MEMORANDUM**

National Fire and Marine Insurance Company insured a building owned by Newtown Square, LLC. After a burst pipe flooded the building, Newtown Square submitted a claim to National Fire, who denied it based on the policy's water damage exclusion. National Fire subsequently sought a declaration that the loss was not covered under the policy. (ECF 1.) Newtown Square filed an Amended Joinder Complaint, (ECF 22), naming insurance agents and brokers Kish North; BTC Insurance Services, LLC; and Worldwide Facilities, LLC as third-party defendants. It alleged breach of oral contract (Count I), negligence (Count II) and breach of fiduciary duty (Count III) against all third-party defendants, and negligent misrepresentation

1

(Count IV) against North and BTC. Worldwide moved to dismiss all three claims against it, and Newtown Square consented to the dismissal of Counts I and III against Worldwide. (Newtown Resp., ECF No. 34, at ECF p. 3.) Thus, the only remaining claim against Worldwide is for negligence. After reviewing Worldwide's Motion, (ECF 26), and Newtown's Response, (ECF 34), the Court denies the Motion with respect to the negligence claim (Count II) and grants it with respect to the other claims (Counts I and III) against Worldwide.

I

Newtown Square, the owner of a single-family home, contacted BTC Insurance Services and its employee Kish North to obtain insurance coverage for the property. (Am. Joinder Compl. ¶¶ 3–4, 8, 17.) Newtown Square told BTC and North that the building was currently occupied by a tenant and "had functioning and running utilities." (*Id.* ¶ 18.) BTC and North, in turn, worked with wholesale insurance broker Worldwide to procure a policy for the property. (*Id.* ¶ 22.) They told Worldwide that the property was occupied. (*Id.* ¶¶ 23, 43.) The third-party defendants identified a National Fire policy as "the best they could find for the property" and asked Newtown Square to fill out a Commercial Insurance Application. (*Id.* ¶ 40.) Newtown Square sent its completed application, which indicated that the property was "Occupied," to BTC and North, who forwarded it to Worldwide, who in turn provided it to National Fire. (*Id.* ¶¶ 40–43.) The policy the third-party defendants procured from National Fire was for vacant properties without functioning utilities, even though they were aware that Newtown Square's property was occupied and had functioning utilities. (*Id.* ¶¶ 46, 51.) Newtown Square did not know about this discrepancy because the third-

party defendants never alerted it to the issue, nor did they send it a copy of the policy to review for itself. (*Id.* ¶¶ 45, 47.)

II

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint and requires a district court to conduct a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). First, the Court must accept the third-party plaintiff's well-pleaded factual allegations as true but may disregard mere legal conclusions. *See id.* Second, it must determine whether the well-pleaded facts, taken as true, show that the third-party plaintiff is entitled to relief. *See id.* Factual allegations that "do not permit the court to infer more than the mere possibility of misconduct" will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

III

A

As a threshold matter, Worldwide claims that it is not a proper third-party defendant under Rule 14(a)(1). "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. Proc. 14(a)(1). The parties correctly recognize a split of authority within this Circuit as to whether impleader under Rule 14 is permissible in a declaratory judgment action. *See State Coll. Area Sch. Dist. v. Royal Bank of Canada*, 825 F. Supp. 2d 573, 579–82 (M.D. Pa. 2011) (collecting and discussing cases). The cases denying impleader in declaratory judgment actions, although they do not provide an in-depth explanation of their reasoning, appear to read the word "claim" in Rule 14 to mean an assertion of a defendant's obligation to the plaintiff. Cases permitting

3

impleader, on the other hand, interpret "claim" more broadly to mean a plaintiff's assertion of a right to relief. *Compare U.S. Fire Ins. Co. v. Reading Mun. Airport Auth.*, 130 F.R.D. 38, 39 (E.D. Pa. 1990) (a prevailing plaintiff's entitlement "to a judgment that it is not obligated" to defendant "does not create a claim against defendant" for which a third-party defendant could be liable), *with State Coll.*, 825 F. Supp. 2d at 582 ("'claim' for purposes of third-party practice" is one that results in a loss to defendant (quoting 3 Moore's Fed. Prac.—Civ. § 14.04)). "Rule 14 should be liberally construed" in light of "its intended aim of accomplishing in one proceeding the adjudication of the rights of all persons concerned in the controversy and to prevent the necessity of trying several related claims in different lawsuits." *Monarch Life Ins. Co. v. Donahue*, 702 F. Supp. 1195, 1197 (E.D. Pa. 1989) (quotation omitted); *see also* Fed. R. Civ. P. 1 (Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"). In the Court's view, permitting impleader in this case better comports with the text of Rule 14 and these interpretive principles. *See State Coll.*, 825 F. Supp. 2d at 581; *see also* 6 Wright & Miller, Federal Prac. & Proc. § 1446 (3d ed.); 3 Moore's Fed. Prac.—Civ. § 14.04 (2022).

B

Newtown Square's sole remaining claim against Worldwide is for negligence based on its alleged failure to obtain the coverage requested. (Am. Joinder Compl. ¶¶ 93, 99.) "It is axiomatic that the elements of a negligence-based cause of action" in Pennsylvania "are duty, breach of that duty, a causal relationship between the breach

and the resulting injury, and actual loss." *Charlie v. Erie Ins. Exchange*, 100 A.3d 244, 250 (Pa. Super. Ct. 2014) (quotations omitted).

In its response, Worldwide only challenges the first element, arguing that it owed no duty to Newtown. This is not the law in Pennsylvania. In an ordinary, arm's-length transaction, "an insurance broker owes a duty of care to its customer . . . . 'to exercise the care that a reasonably prudent businessman in the brokerage field would exercise under similar circumstances.'" *Indus. Valley Bank & Tr. Co. v. Dilks Agency*, 751 F.2d 637, 640 (3d Cir. 1985) (quoting *Consolidated Sun Ray, Inc. v. Lea*, 401 F.2d 650, 656 (3d Cir. 1968), *cert. denied*, 393 U.S. 1050 (1969)). Worldwide bases its argument on an incorrect interpretation of the Amended Joinder Complaint. It understands Newtown Square to allege that it was negligent in giving insurance advice, and asserts that there is no duty to advise absent a special relationship not present in this case. A fair reading of Count II, however, shows that the claim stems from Worldwide's alleged failure to follow instructions to obtain a policy covering an occupied building with working utilities, and invokes the ordinary professional duty of care. (Am. Joinder Compl. ¶ 95); *see also Berenato v. Seneca Specialty Ins. Co.*, 240 F. Supp. 3d 351, 362 (E.D. Pa. 2017) ("a plaintiff acquires a cause of action . . . where the broker neglects to procure insurance, or does not follow instructions, or if the policy is void or materially defective through the agent's fault" (quoting *Laventhol & Horwath v. Dependable Ins. Assocs.*, 579 A.2d 388, 391 (1990)) (cleaned up)). Newtown Square states sufficient facts to allege that Worldwide owed it a duty of care.

An appropriate Order follows.

5

BY THE COURT:

*/s/ Gerald J. Pappert*

GERALD J. PAPPERT, J.