IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATIONAL FIRE & MARINE INSURANCE CO., <br><br> *Plaintiff,* <br><br> v. <br><br> NEWTOWN SQUARE, LLC, <br><br> *Defendant,* <br><br> NEWTOWN SQUARE, LLC, <br><br> *Third Party Plaintiff,* <br><br> v. <br><br> BTC INSURANCE SERVICES, LLC, KISH NORTH, and WORLDWIDE FACILITIES, LLC, <br><br> *Third Party Defendants.* | CIVIL ACTION <br> NO. 21-5397 |

**PAPPERT, J.**                                                                                                       **September 12, 2023**

**<u>MEMORANDUM</u>**

      National Fire & Marine Insurance Company seeks a declaration that it is not obligated to pay for water damage to its insured, Newtown Square, LLC's property pursuant to specific exclusions in Newtown's commercial insurance policy. Newtown asserted counterclaims against National Fire and filed third party complaints against the insurance agents and brokers that sold it the policy.

      During discovery, Newtown's underwriting expert determined that the premium National Fire charged purportedly included coverage for the type of damage National Fire says it is not required to cover. Newtown wants to amend its answer and counterclaim to include the new information and add a negligence claim. National Fire

1

opposes the addition of the negligence claim, which it argues is barred by the gist of the action doctrine.

The Court grants Newtown's motion to amend in part and denies it in part. Newtown may only supplement the existing counterclaims; the negligence claim is based on a duty created by the insurance policy and thus barred by the gist of the action doctrine.

I.

National Fire insured a building owned by Newtown. After a burst pipe flooded the building, Newtown submitted a claim which National Fire denied, relying on a "Sprinkler Leakage Exclusion." National Fire filed this lawsuit, asking the Court to declare that this exclusion precludes coverage. (Compl. at ¶¶ 35–40, ECF No. 1). Newtown answered the complaint and asserted counterclaims against National Fire, seeking its own declaratory judgment and alleging breach of contract, bad faith, "reasonable expectations," unfair trade practices and estoppel claims. Newtown also filed joinder complaints against the insurance producers who procured the policy. (*See* ECF No. 4, 7).

On the last day of discovery, Newtown moved to amend its answer and counterclaim. (ECF. No. 55). According to Newtown's underwriting expert, National Fire's rating system revealed the policy's premium included charges for sprinkler leakage and water damage. (*Id.*, at 2–3). Newtown also says that National Fire's attempts to deny coverage by applying endorsements was improper and created ambiguities in the policy. (*See id.*)

Newtown now wants to supplement its existing counterclaims to include the ratings and ambiguity issues and add a new negligence claim. (*See id.*, Exhibit 1). Newtown says the negligence claim is not barred by the gist of the action doctrine because (1) it is being plead in the alternative and (2) the claim is based on National Fire breaching a broader societal duty of care to produce a policy that fit its needs. (*See* Def's Reply To Pl. Partial Opp. To Mot. To Amend Counterclaim, at 2–4, ECF No. 60). To support the negligence claim, Newtown alleges:

> 132. [National Fire] had a duty to [Newtown] to produce a policy that fit the needs of the property and to charge a fair and reasonable rate for such coverage.
>
> 133. [National Fire] breached that duty by charging a premium rate for a policy that covered loss caused by sprinkler leakage and water damage yet refusing to honor such cause of loss.
>
> 134. [National Fire] breached its duty to [Newtown] by applying endorsements to attempt to remove coverage for sprinkler leakage and water damage to remove coverage for sprinkler leakage and water damage without applying a credit or deduction to the premium charged.
>
> 135. [National Fire] breached that duty by requiring things of [Newtown] that were not required by the policy or were ambiguous, such as refusing to acknowledge that [Newtown] met the condition of utilities being in use and operational.

(Proposed Am. Counterclaim ¶¶ 132–35).

## II.

Federal Rule of Civil Procedure 15(a) provides that "leave [to amend] shall be freely given when justice so requires." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The decision to grant leave to amend is within the court's discretion. *Id.*

A court may deny leave to amend a complaint on grounds such as prejudice, undue delay, bad faith, dilatory motive and futility. *Id.* "Futility 'means that the complaint, as amended, would fail to state a claim upon which relief could be granted.'" *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175 (3d Cir. 2010) (quoting *In re Merck & Co. Sec., Derivative & ERISA Litig.*, 493 F.3d 393, 400 (3d Cir. 2007)). And a proposed amendment is futile "if the amendment will not cure the deficiency in the original complaint, or if the amended complaint cannot withstand a renewed motion to dismiss." *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988).

The standard for assessing futility is the same standard for legal sufficiency as Federal Rule of Civil Procedure 12(b)(6). *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). When determining whether the amendment would be futile, the court must "tak[e] all pleaded allegations as true and view them in a light most favorable to the plaintiff." *Winer Family Trust v. Queen*, 503 F.3d 319, 331 (3d Cir. 2007).

### III.

The gist of the action doctrine bars tort claims against contracting parties where the claim "is, in actuality, a claim against the party for breach of its contractual obligations." *Bruno v. Erie Ins. Co.*, 106 A.3d 48, 53 (Pa. 2014). Application of the doctrine bars tort claims: "(1) arising solely from a contract between the parties; (2) where the duties allegedly breached were created and grounded in the contract itself; (3) where the liability stems from a contract; or (4) where the tort claim essentially duplicates a breach of contract claim or the success of which is wholly dependent on the terms of a contract." *Aqua Pharmaceuticals, LLC v. Park Irmat Drug Corp.*, No. 17-

4

2273, 2017 WL 2288287 (E.D. Pa. May 17, 2018) (quoting *J&J DeLuca Co. v. Toll Naval Assocs.*, 56 A.3d 402, 415 (Pa. Super Ct. 2012)).

To determine whether the gist of the action is a breach of contract or a tort, courts look to the nature of the duty allegedly breached:

> If the facts of a particular claim establish that the duty breached is one created by the parties by the terms of their contract . . . then the claim is to be viewed as one for breach of contract . . . If, however, the facts establish that the claim involves the defendant's violation of a broader social duty owed to all individuals, which is imposed by the law of torts and, hence, exists regardless of the contract, then it must be regarded as a tort.

*Bruno*, 106 A.3d at 68.  Newtown contends National Fire breached a "broader social duty" by failing to produce a policy that fit its needs, but the specific allegations in its proposed negligence counterclaim suggest otherwise.

The alleged duty upon which the negligence counterclaim is based is one "created and grounded in the contract itself."  *J&J DeLuca Co.*, 56 A.3d at 415. Paragraph 133 states that National Fire breached its duty by "charging a premium rate for a policy that covered loss caused by sprinkler leakage and water damage yet refusing to honor such causes of loss."  However, this duty stems from—and liability is based in—the insurance contract.  *See id.*  If National Fire wrongly denied coverage, Newtown has a breach of contract claim, not a negligence claim.  Similarly, paragraph 134 states that National Fire breached its duty by applying endorsements to remove coverage without applying a deduction to the premium.  And paragraph 135 says National Fire breached its duty by requiring things of Newtown that were not required by the policy.  But again, the alleged breaches are grounded in duties arising solely from the insurance contract—any purported negligence claim "essentially duplicates"

5

Newtown's existing breach of contract claim and "the success of [it] is wholly dependent on the terms of a contract."[1]  *See id.*

      An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

[1] Newtown's contention that it may plead the negligence claim in the alternative is also unpersuasive.  Tension can exist at the motion to dismiss stage between the gist of the action doctrine and Rules 8(d)(2) and (3) of the Federal Rules of Civil Procedure.  *See PPP Indus., Inc. v. Generon IGS, Inc.*, 760 F. Supp.2d 520, 528 (W.D. Pa. 2011).  And courts have noted that caution should be taken in determining the gist of the action under a 12(b)(6) standard, particularly before discovery.  *See, e.g., Weber Display & Packaging v. Providence Wash. Ins. Co.*, No. 02-7792, 2003 WL 329141, at *3–4 (E.D. Pa. Feb. 10, 2003).  Here, while the Court applies a 12(b)(6) standard, it does so in the context of assessing futility in a motion to amend *after* discovery.